## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 08-117 (DWF/RLE) |
| Plaintiff, | |
| v. | **ORDER AND MEMORANDUM** |
| Bradley Wilford Senogles, | |
| Defendant. | |

___

Kimberly A. Svendsen, Assistant United States Attorney, United States Attorney's Office, counsel for Plaintiff.

Mark D. Larsen, Esq., Lindquist & Vennum PLLP, counsel for Defendant.

___

This matter is before the Court on the motion of Defendant Bradley Wilford Senogles ("Defendant") requesting that the Court order a non-jury trial over the objection of the United States, or in the alternative, for an order dismissing the Indictment against the Defendant. The United States opposes the motion. Based on the arguments of the parties, and for the reasons described below, the Court makes the following:

### ORDER

1. Defendant's Motion for Non-Jury Trial or, in the Alternative, for Dismissal (Doc. No. 61) is **DENIED**.

Dated: August 4, 2008          s/Donovan W. Frank
                               DONOVAN W. FRANK
                               Judge of United States District Court

## MEMORANDUM

The United States does not consent to a non-jury trial in this case. The Defendant, however, requests that this Court order a non-jury trial over the government's objection. The Court declines to do so.

There is no federally-recognized right to a bench trial in a criminal case. *Singer v. U.S.*, 380 U.S. 24, 34 (1965). Under Federal Rule of Criminal Procedure 23(a), a defendant in a criminal case must be tried by a jury unless the defendant waives a jury trial in writing, the government consents, and the court approves. The Supreme Court has upheld Rule 23(a)'s requirement that the government consent to the waiver of a jury trial, noting that the government has a "legitimate interest in seeing that cases in which it believes a conviction is warranted are tried before the tribunal which the Constitution regards as most likely to produce a fair result." *Id.* at 36.

The Defendant is charged with failing to register as a sex offender. The Defendant argues that it will be impossible to empanel an impartial jury in this case because the jury will be aware of the Defendant's status as a sex offender and will, therefore, be prejudiced. The Defendant also argues that no voir dire or jury instructions can rid this case of the attending prejudice. The Defendant contends that his reasons for desiring a non-jury trial are so compelling that to submit his case to a jury would result in the denial of an impartial trial.

In support of his argument, the Defendant cites *Singer*, in which the Supreme Court stated that it need not determine whether there might be some circumstance in which a defendant's reasons for desiring a trial without a jury are so compelling that the

government's insistence on a jury trial results in denying a defendant an impartial trial. *Id.* at 37. The Defendant also cites two cases in which courts granted the defendants' requests for non-jury trials notwithstanding the government's objection. *See U.S. v. Braunstein*, 474 F. Supp. 1 (D. N.J. 1979); *U.S. v. Panteleakis*, 422 F. Supp. 247 (D. R.I. 1976).

The Court concludes that the Defendant's reasons for desiring to be tried before the Court are not so compelling as to require that it order a non-jury trial over the objection of the United States. First, though the Supreme Court may have alluded to the possibility that compelling circumstances warranting such an order might exist, it did not affirmatively define what the contours of such a situation might be. This Court has determined that Defendant's status as a sex offender, an element to be proven by the United States in this case, will not lead to such an overwhelming likelihood of prejudice that "[n]o impartial factfinder will be found in any jury venire." (Doc. 61 at 1.) Indeed, juries are routinely asked to consider allegations of conduct they may find concerning or offensive, and yet are capable of discharging their duties. *See, e.g., U.S. v. U.S. Dist. Court for E. Dist. of California*, 464 F.3d 1065 (9th Cir. 2006) (holding that defendants charged with transporting children in interstate commerce for the purpose of engaging in unlawful sexual acts, alleged to involve ritualistic sexual abuse over ten years of children as young as seven years old, could not obtain a bench trial over prosecutor's objection and that the trial court could use careful voir dire, evidentiary rulings, and jury instructions to ensure the defendants received an impartial trial).

Second, *Braunstein* and *Panteleakis* are not relevant here.  Both of these cases involved complex government benefit fraud schemes in which the trials with multiple defendants were expected to be lengthy, and both courts ordered non-jury trials in order to ensure efficient trial administration.  *Braunstein*, 474 F. Supp. at 14 (stating that its decision to order a non-jury trial was based on reading Rule 23(a) with Federal Rule of Criminal Procedure 2, and was not based on constitutional grounds); *Panteleakis*, 422 F. Supp. at 250 (noting that trial would take three to four months and involve over 1,000 exhibits with intricate accounting procedures, and stating that evidentiary issues would be complicated by the presence of multiple defendants).  That is not the case here, where one defendant is charged with one count of failing to register as a sex offender, and the elements for the jury to consider are fairly few.

The Court concludes that the Defendant may receive an impartial trial from a jury, which is his constitutional guarantee.  Therefore, the Court denies the Defendant's request to have a non-jury trial, and also denies Defendant's request to dismiss the Indictment.

D.W.F.